IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30094-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRACY LEE JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — A defendant's personal knowledge of the victim's prior acts of violence is relevant to the defendant's assertion of the necessity to act in self-defense. Because the trial court precluded the defendant from testifying to an incident in his personal knowledge, we reverse and remand for a new trial.

## FACTS

Tracy Lee Johnson was charged with second degree assault arising from an altercation with Gregory Mulhair. In 2008, Mr. Johnson reconnected with Michelle Mulhair, a sweetheart from high school. She was married at that time to the victim, Gregory Mulhair. The relationship progressed and in August 2010, Ms. Mulhair decided to separate from her husband and move in with Mr. Johnson.

Mr. Mulhair was at work most of the day that Ms. Mulhair was to move in with Mr. Johnson. On his way home from work, Mr. Mulhair saw Mr. Johnson pulled over to the side of the street. Mr. Mulhair decided to turn around and confront Mr. Johnson. Mulhair got out of his truck and began to approach Johnson's truck. Mr. Johnson then got out of his truck, armed with his son's aluminum baseball bat. It is not clear what happened next, but it is undisputed that Mr. Johnson struck Mr. Mulhair with the bat three times in rapid succession; Mr. Mulhair did not strike Mr. Johnson. Mr. Johnson testified that he did not strike until Mr. Mulhair raised his arm at him as if to strike.

At trial, Mr. Johnson asserted self-defense. To prove the element of reasonable fear in support of self-defense, Mr. Johnson was allowed to testify and cross-examine Mr. Mulhair regarding several instances of verbal aggression by Mr. Mulhair against Mr. Johnson.

Mr. Johnson also sought to testify to and elicit from Mr. Mulhair one instance of physical aggression whereby Mr. Mulhair assaulted his wife in Mr. Johnson's presence. The incident happened in late 2009 when Mr. Johnson and Ms. Mulhair secretly went out to dinner. When the pair left the restaurant, Mr. Mulhair was in the parking lot waiting for them, having followed his wife through a Global Positioning System tracking device planted in the trunk of her car. Mr. Mulhair was alleged to have hit his wife in the parking lot upon seeing her with Mr. Johnson.

2

Prior to Mr. Mulhair's testimony, the State brought a motion in limine to prevent any mention of the assault by the victim against his wife. The court granted the motion after finding that the evidence was not relevant to the claim of self-defense because the victim of the prior assault was Mr. Mulhair's wife, not the defendant. The defense raised the issue again prior to Mr. Johnson's testimony. The court precluded the defendant from raising the incident in his testimony.

The trial concluded without any mention of the assault by Mr. Mulhair against his wife. The case was argued to the jury on a theory of self-defense. The jury returned a guilty verdict. Mr. Johnson then timely appealed to this court.

## ANALYSIS

The sole issue that Mr. Johnson presents for review is the propriety of the trial court's ruling on the State's motion to exclude evidence of Mr. Mulhair's assault against his wife. The trial court did not err in prohibiting the cross-examination of Mr. Mulhair until a proper foundation had been laid to make the incident admissible, but we agree with Mr. Johnson that the court did err in precluding him from testifying about the incident.

Evidentiary rulings typically are reviewed for abuse of discretion. *State v. Guloy*, 104 Wn.2d 412, 429-30, 705 P.2d 1182 (1985). "In close cases, the balance must be tipped in favor of the defendant." *State v. Wilson*, 144 Wn. App. 166, 177, 181 P.3d 887 (2008). Discretion is abused when it is exercised on untenable grounds or for untenable

3

reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Discretion also is abused when a court uses an incorrect legal standard in making a

discretionary decision. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995).

However, an appellate court reviews evidentiary issues de novo when raised under the

framework of a denial of a defendant's Sixth Amendment right to present a defense.

*State v. Jones*, 168 Wn.2d 713, 719, 230 P.3d 576 (2010) (reviewing de novo a ruling

limiting the scope of the defendant's testimony).

In relevant part, self-defense requires proof that the defendant had a reasonable

fear of imminent danger of death or great bodily harm. RCW 9A.16.020(3); *State v.

Callahan*, 87 Wn. App. 925, 943 P.2d 676 (1997). The jury must assess the defendant's

claim of self-defense "from the standpoint of the reasonably prudent person, knowing all

the defendant knows and seeing all the defendant sees." *State v. Janes*, 121 Wn.2d 220,

238, 850 P.2d 495 (1993). Thus, when presenting evidence of the victim's previous

violent act, the defendant must show that he had actual knowledge of the specific acts at

the time the defendant allegedly acted in self-defense. *State v. Moore*, 182 Wash. 111,

115-16, 45 P.2d 605 (1935); *State v. Adamo*, 120 Wash. 268, 269-71, 207 P. 7 (1922);

*State v. Cloud*, 7 Wn. App. 211, 217-18, 498 P.2d 907 (1972); *State v. Huff*, 3 Wn. App.

632, 634, 477 P.2d 22 (1970).

With these standards in mind, we turn to the court's rulings. Evidence of the prior

assault was excluded under ER 402 due to lack of relevance. Evidence is relevant if it

has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. "The threshold to admit relevant evidence is very low. Even minimally relevant evidence is admissible." *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002). Thus, to be relevant the assault by Mr. Mulhair against his wife had to in at least some minimal way make the existence of a fact relating to one of the elements of self-defense more probable.

With respect to the attempt to cross-examine Mr. Mulhair about the prior incident, the trial court correctly concluded that it was not relevant. Until Mr. Johnson had testified that he acted in self-defense and demonstrated that the prior assault was one of the reasons he acted as he did, the prior assault was not relevant. Absent that foundation there was no basis for believing the prior incident was of consequence to the case. The court did not abuse its discretion in granting the State's motion with respect to Mr. Mulhair's testimony during the prosecution's case. Mr. Johnson's remedy was to recall Mr. Mulhair to the stand once the proper foundation had been established by Mr. Johnson's own testimony.

A different question is presented by the order precluding Mr. Johnson from testifying to the incident during the defense case. As noted, the victim's alleged violent history is relevant when it is known to the defendant. The trial court excluded the evidence on the basis that the prior assault had been directed toward Ms. Mulhair rather

5

than Mr. Johnson. However, our cases have concluded that a violent act directed against another person is relevant to a self-defense claim when information about the prior incident was known to the defendant. *Moore*, 182 Wash. at 115-16; *Adamo*, 120 Wash. at 271; *Cloud*, 7 Wn. App. at 218. Even when known to the defendant, the evidence can be excluded if it is too remote in time. *Adamo*, 120 Wash. at 270; *Cloud*, 7 Wn. App. at 218-19.

The prior assault against Ms. Mulhair was not too remote to be irrelevant. It had occurred recently and was related to the subject of the current hard feelings between the two men—the break up of the Mulhair marriage and Ms. Mulhair taking up with Mr. Johnson. It was highly relevant and should, therefore, have been admitted through the testimony of Mr. Johnson.

The State does not distinguish the *Adamo* line of cases and instead directs this court to *State v. Hutchinson*, 135 Wn.2d 863, 959 P.2d 1061 (1998). However, *Hutchinson* is inapposite because it dealt solely with using the victim's prior acts to identify the first aggressor. *Id*. at 886-87. *Hutchinson* did not deal with using the victim's prior acts against others to prove the reasonableness of the defendant's fear.

Although the trial court erred, this court will not reverse the conviction if it can be shown that the error was harmless. *Jones*, 168 Wn.2d at 724-25. The State argues that the other instances of aggressive acts by Mr. Mulhair gave Mr. Johnson sufficient opportunity to present his claim of self-defense. While these acts allowed Mr. Johnson to

6

present a claim of self-defense, we cannot say that the exclusion of the assault by Mr. Mulhair against his wife was harmless beyond a reasonable doubt. All of the acts presented to the jury were acts of verbal aggression or nonverbal, nonphysical passive aggression. The excluded act was the only act of physical aggression by Mr. Mulhair. Mr. Johnson's knowledge of that act directly went to the reasonableness of his use of force against Mr. Mulhair.

If the jury had known that force had already been used by Mr. Mulhair against his wife over the break up of their relationship, it was more likely that the jury would have found Mr. Johnson reasonably needed to use force to counter the expected use of force by Mr. Mulhair. Because the excluded evidence was of greater value to Mr. Johnson than the evidence actually presented to the jury, the error was not harmless.

We therefore reverse Mr. Johnson's conviction and remand the case for a new trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

7